**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GREGORY YOUNG,<br><br>               Plaintiff,<br><br>      v.<br><br>CAMDEN COUNTY JAIL,<br><br>               Defendant. | Civil Action<br>No. 16-7015 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Gregory Young, Plaintiff Pro Se
101 E. Chelten Avenue
Philadelphia, PA 19144

**SIMANDLE, Chief District Judge:**

I.    **INTRODUCTION**

        Plaintiff Gregory Young seeks to bring a civil rights

complaint against Camden County Jail ("CCJ") pursuant to 42

U.S.C. § 1983 for allegedly unconstitutional conditions of

confinement. Complaint, Docket Entry 1.

        28 U.S.C. 1915(e)(2) requires a court to review complaints

prior to service in cases in which a plaintiff is proceeding *in

forma pauperis*. The Court must *sua sponte* dismiss any claim that

is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. This action is subject to *sua*

*sponte* screening for dismissal under Section 1915(e)(2)(B)

because Plaintiff is proceeding *in forma pauperis*.

For the reasons set forth below, the Court will dismiss the

Complaint with prejudice for failure to state a claim. 28 U.S.C.

§ 1915(e)(2)(b)(ii).

## II. BACKGROUND

With respect to factual allegations giving rise to his

claims, Plaintiff states: "I was forced to sleep on the floor of

the county jail for 8 months. Approx 5/2005 – 1/2006." Complaint

§ III(C).

Plaintiff alleges that these events occurred: "2005 –

2006." *Id*. § III(B).

Plaintiff contends that he suffered "back injury [from]

sleeping on the floor." *Id*. § IV.

Plaintiff seeks $2,000 in relief. *Id*. § V.

## III. STANDARD OF REVIEW

To survive *sua sponte* screening under 28 U.S.C. §

1915(e)(2) for failure to state a claim, a complaint must allege

"sufficient factual matter" to show that the claim is facially

plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir.

2009) (citation omitted). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*,

2

764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV.   DISCUSSION

Plaintiff asserts claims against CCJ for allegedly unconstitutional conditions of confinement. The Complaint must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

First, the Complaint must be dismissed as CCJ is not a "state actor" within the meaning of § 1983. *See*, *e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCJ must be dismissed with prejudice.

Second, "plaintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's

two-year limitations period for personal injury.[1] *See Wilson v.*
*Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*,
603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983
action is determined by federal law, however. *Wallace v. Kato*,
549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*,
773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of
action accrues when the plaintiff knew or should have known of
the injury upon which the action is based." *Montanez*, 773 F.3d
at 480 (internal quotation marks omitted).

Plaintiff alleges that the events giving rise to his claims
occurred: "Approx 5/2005 – 1/2006." Complaint § III(C). The
allegedly unconstitutional conditions of confinement at CCJ
would have been immediately apparent to Plaintiff at the time of
detention. Accordingly, the statute of limitations for
Plaintiff's claims expired in January 2008. As there are no
grounds for equitable tolling of the statute of limitations,[2] the

---

[1] "Although the running of the statute of limitations is
ordinarily an affirmative defense, where that defense is obvious
from the face of the complaint and no development of the record
is necessary, a court may dismiss a time-barred complaint sua
sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to
state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12
(3d Cir. 2013) (per curiam).
[2] Equitable tolling "is only appropriate '(1) where the defendant
has actively misled the plaintiff respecting the plaintiff's
cause of action; (2) where the plaintiff in some extraordinary
way has been prevented from asserting his or her rights; or (3)
where the plaintiff has timely asserted his or her rights
mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x

Complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V.    CONCLUSION**

    For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**February 14, 2017**                **s/ Jerome B. Simandle**

Date                            JEROME B. SIMANDLE

                            Chief U.S. District Judge

---

162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).